IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LISA D. COLBERT,<br>    Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>    Defendant. | Civil Action No. 1:17-cv-555 |

## ORDER

At issue in this Social Security appeal are plaintiff's objection to the magistrate judge's November 21, 2017 Report & Recommendation ("R&R") (Doc. 21). On May 11, 2016 an Administrative Law Judge ("ALJ") concluded that plaintiff's headaches and migraines did not render plaintiff disabled within the meaning of the Social Security Act.[1] The magistrate judge's R&R concluded that the ALJ's findings were supported by substantial evidence and recommended that summary judgment be entered on behalf of the Commissioner of Social Security ("Commissioner").

As the R&R correctly notes, on review of a decision of the Commissioner, district courts are limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig*, 76 F.3d at 589. Importantly, in conducting this inquiry, district courts may not "undertake to reweigh conflicting evidence, mak[e] credibility determinations, or substitute [their] judgment for that of the [ALJ]." *Id.* Plaintiff here objects to the magistrate

---

[1] 42 U.S.C. ch. 7.

judge's R&R for largely the same reasons she appealed the ALJ decision in the first instance, namely (i) that the ALJ failed to credit plaintiff's testimony properly; and (ii) that the ALJ failed to afford sufficient weight to the opinion of plaintiff's treating physician, Dr. Stephenson.

Here, contrary to plaintiff's view, substantial evidence supports both the ALJ's finding that plaintiff's testimony was not credible and the ALJ's assignment of partial weight to the report of plaintiff's treating physician, Dr. Stephenson. To begin with, substantial evidence supports the ALJ's finding that plaintiff's testimony regarding the intensity and limiting effects of her symptoms was not persuasive because this testimony were contradicted by medical and other evidence in the record. It is well-settled in the Fourth Circuit that a claimant's allegations about pain "need not be accepted to the extent they are inconsistent with the available evidence . . . ." *Craig*, 76 F.3d at 595. Here, the ALJ identified several pieces of record evidence that contradicted plaintiff's subjective expressions of pain. In particular, although plaintiff stated that her headaches worsened to the point of preventing her from working in 2011, the record reflects that from July 2011 through 2016, plaintiff regularly reported to her treating physician that her condition was no problem, that she was doing good, or that she was feeling okay. And Dr. Stephenson's treatment notes suggest that plaintiff's medication was adequately treating the symptoms she did experience during this time period. Importantly, evidence in the record also casts doubt on plaintiff's general credibility in discussing her medical conditions. In this regard, the ALJ noted that plaintiff made misrepresentations to medical officials about the medication she was prescribed in 2010, informing one physician that she had only received a Hydrocodone prescription from him when, in reality, a different physician had also prescribed her Hydrocodone. In sum, substantial record evidence both contradicts plaintiff's statements about the severity of her symptoms and casts doubt more generally on her credibility. Accordingly, as

noted in the magistrate judge's R&R, the ALJ's finding that plaintiff lacked credibility is supported by substantial evidence.

Substantial evidence also supports the ALJ's decision to credit only portions of Dr. Stephenson's report because the ALJ appropriately declined to credit Dr. Stephenson's opinion where Dr. Stephenson's opinion was either inconsistent with other record evidence or where his opinion was based solely on the plaintiff's subjective assessments of her symptoms. Fourth Circuit precedent makes clear that the opinions of a treating physician should be assigned less weight where, as here, those opinions are inconsistent or unsupported by medical evidence in the record. *See Johnson v. Barnett*, 434 F.3d 650, 656 n.8 (4th Cir. 2005) (noting that "substantial evidence supports [an] ALJ's finding that [a treating physician's report] is unreliable" where the report "inexplicably conflicts with other medical evidence"). And it is equally clear in the Fourth Circuit that a physician's opinion is entitled to less weight when the opinion is based only on a plaintiff's complaints and contradicted by the physician's office notes. *See Craig*, 76 F.3d at 590 (finding that sufficient evidence supported ALJ's rejection of treating physician's opinion where opinion was "inconsistent with other substantial evidence" and "based upon [the claimant's] subjective reports of pain").

These principles, applied here, compel the conclusion that substantial evidence supports the ALJ's finding that Dr. Stephenson's opinion was entitled to limited credibility. Specifically, although Dr. Stephenson suggested that plaintiff's work capacity was limited and that plaintiff was disabled, his treatment notes reveal that throughout the period in question, plaintiff was doing okay, feeling good, or responding well to the medications Dr. Stephenson prescribed. Moreover, Dr. Stephenson's opinion was based largely on subjective assessments from plaintiff with limited support from any physical findings. Because the ALJ found plaintiff's assessments

3

were not credible, this finding in turn affected the credibility of Dr. Stephenson's opinion inasmuch as his opinion was derived from plaintiff's subjective assessments. In sum, substantial evidence supports the ALJ's finding with respect to Dr. Stephenson's opinion because Dr. Stephenson's opinion was inconsistent with other medical evidence in the record and relied heavily on plaintiff's subjective assessments.[2]

Accordingly, upon consideration of the November 21, 2017 Report and Recommendation of the United States Magistrate Judge, and upon an independent *de novo* review of the record, it is hereby **ORDERED** that the Court **ADOPTS** as its own the magistrate judge's findings of fact and recommendation as set forth in the November 21, 2017 Report and Recommendation (Doc. 21).

It is further **ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 10) is **DENIED** and defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**.

The Clerk is directed to enter Rule 58 judgment on behalf of defendant and against plaintiff, and to place this matter among the ended causes. The Clerk is further directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 14, 2018

/s/
T. S. Ellis, III
United States District Judge

---

[2] Plaintiff argues that the magistrate judge's R&R improperly produced post-hoc rationalizations for the ALJ's decision. Plaintiff correctly notes that district courts must "affirm the ALJ's decision only upon the reasons he gave," *Patterson v. Bowen*, 839 F.2d 221, 225 (4th Cir. 1988), but here the magistrate judge is not offering a new or different ground for the ALJ's decision. Instead, the magistrate judge's R&R permissibly points to additional evidence in support of the ALJ's decision. Specifically, the magistrate judge's R&R points to the fact that plaintiff suffered from headaches beginning in 1992 and Dr. Stephenson did not change plaintiff's course of treatment when the headaches allegedly became debilitating in 2011. This fact, far from a post hoc rationalization for the ALJ's decision, is simply additional record evidence that supports the ALJ's finding that Dr. Stephenson's opinion was entitled to limited credibility. *See Stroman v. Colvin*, 2015 WL 337578, at *4 (D.S.C. Jan. 26, 2015) (rejecting the argument that the magistrate judge evaluated ALJ's decision based on post hoc rationalization where the magistrate judge simply provided examples to show the ALJ's decision was supported by substantial evidence).

4